The last case we have for argument today is the United States v. Peck. It is DACA 23-4038. Mr. Murray, we're prepared to hear your argument. May it please the court. Tyler Murray on behalf of the United States. Mr. Peck's criminal proceeds were used to pay off a hard money loan on property owned by his friend Jesse Dunn. Excuse me. What is a hard money loan? What does that mean? A hard money loan is usually a short-term, high-interest loan that's used to finance the purchase of property. Thank you. Counsel, here's where I'd like to start. I'll tell you where I'm really stuck. Okay. In the plea agreement, under section 8 of forfeiture, there are a number of bullet points. One of them was a money judgment equal to the value of the property. Another was substitute property. The first one is the real property. It says including but not limited to. So that's the plea. I'm not going to even talk about what happens at the change of plea, which isn't great in terms of the notice that I think the government had that perhaps didn't have an inclusion. You have a final order of forfeiture that says including and limited to the property itself. So this is where I'm stuck. How is it not dispositive in this case in favor of affirmance that the government only ever sought the West Jordan property? I'm not sure I understand your question. We've always sought the West Jordan property because that was property that was traceable to the proceeds of Mr. Peck's crime. So maybe my question is imprecise. You only sought that. You're on appeal. You're arguing about specific proceeds, money judgment, and you're trying to get that from the third party when during the forfeiture case, you proceeded against the defendant only as to the house. That's correct, Your Honor. And it seems to me that you also clarified to the district court that you didn't want anything else. District court asked you this at sentencing. Is this what you want? Yes, this is what. How is that not inviting the very problem that you are now trying to fix on appeal? Two things. The first issue is we have always sought specific forfeiture of the specific property because that property has proceeds of the crime that are traceable to that property. In addition, there is also, and this court has held in the past, that another remedy that's sometimes available in forfeiture cases is a money judgment for the amount of the proceeds. And that's usually— You disclaimed that. This is where I'm—you disclaimed that in the district court. I don't disagree with you at all as a matter of law that, you know, in the world, that is something that the government could see. But you affirmatively disclaimed it and you are now trying to secure that on appeal. No, we're not seeking money judgment on appeal, Your Honor. We're just speaking—we're seeking forfeiture of the specific property. And we're not required to seek a money judgment in order to speak the forfeiture of specific property. Rule 32.2B makes that clear, that a money judgment is an available remedy. It's an available tool, but it's not required. Here, the issue has always been Mr. Peck obtained proceeds. Those proceeds are traceable to this property in West Jordan. And the reason that they are traceable to that property—excuse me—the reason that they are forfeitable, even though that property is held in the name of someone else, is because criminal forfeiture is not limited to specific property that's held in the name of a third party. Criminal forfeiture reaches all the proceeds of the crime. It seems like you are trying to re-argue forfeitability when you're also telling your friend on the other side, we can't talk about Well, I have one more basic question. Do we have any jurisdiction on this case? As I looked at it, it appears that the court vacated its preliminary order of forfeiture at the request of one of the parties. And so it's back to where it was, and I don't see a final judgment. Where is it? I'll answer, Judge Rossman, and then I'll get right to you, Judge Kelly. Judge Rossman, we are seeking to forfeit the specific property. We're not seeking to relitigate the forfeiture of the property. This was an ancillary proceeding. The issue was ownership of the property at that point. Mr. Dunn had an ownership interest in that property. He was able to establish that. But there was also a portion of the property that is directly traceable to proceeds of Mr. Peck's crime, and that puts us right in the heart of Section 982A1, which requires that a court order a defendant to forfeit the proceeds of his crime, whether they exist in a bank account or whether they exist in property that's traceable to the crime, as we are here. We've always sought forfeiture of that specific West Jordan property. And then the question becomes, well, with respect to that sliver of that property, the property that was paid for with proceeds, whether anyone else has a specific interest in that property, a superior interest. And in this case, no, no one claimed that they had a superior interest in the portion of the property that's purchased with proceeds, because in order to do that, they would have under 853C, 21 U.S.C. 853C, they would have to have, be a bona fide purchaser for value of that sliver of the property. We're not trying to take anything that Mr. Dunn had pre-existing to the infusion of criminal proceeds into his property. We're seeking only to forfeit the portion of the property that is attributable to those proceeds. Are you treating the property, the lot, like it's a bank account? There's $304,000 in the bank, there's $304,000 in the house. It's a raw piece of property, as I understand it, Your Honor. It is traceable. We're treating it as traceable property. So is the answer yes, that it's essentially the same thing, or no? It's similar, yes. The courts have found when you use criminal proceeds to pay off a mortgage on property, that that gives rise to a forfeitable interest in that property to the extent proceeds were paid to that mortgage. So yes, in that sense, criminal proceeds were infused to this bank account, it would be the same. We would seek those proceeds out of that bank. And by the time of the charge, the federal charge, the money was already in the house, or in the lot, I should say? Yes, yes. And I didn't mean to cut in on Judge Kelly's jurisdiction question, so let me back up. No problem. I'm heading to jurisdiction. Your Honor, the district court's order is best understood as an order granting Mr. Dunn's position in the ancillary proceeding. And so that issue is a final judgment, because what it did was order the... He said, I have an interest in this property, and it granted Mr. Dunn an ownership of the entirety of the property and concluded... He didn't do that. What he did was he vacated his preliminary order of forfeiture. He did that to the extent... Okay, now, is there another piece of paper that says, and further, I conclude that the property is owned by Mr. Dunn 100%? Your Honor, that order does that. That order, which is entitled order granting ancillary petition, that's what that order is. And so it left nothing more to be decided. And once that order was decided, Mr. Dunn understood that he wanted the property, because then he moved to have the pendants released so he could move forward with his life. That order stopped any interest of the United States and made it a final appeal to order. So it's more than just a preliminary order of forfeiture being vacated. Right. What I understood the district court to be doing was saying, look, to the extent I made a finding earlier that this property was... That the United States had an interest in this property, I'm vacating that because since Mr. Dunn is the only petitioner here and this is the only piece of property, I can vacate that and move on. So this is a final order and this court does have jurisdiction here. So with respect to the issue, the fundamental error that the court made here was determining that this property couldn't... No portion of this property could be forfeited because Mr. Dunn, excuse me, Mr. Peck didn't have a legal interest in it. But the forfeiture statute, Congress understood that criminals would be able to shield their assets from forfeiture if they, by transferring to property held by third parties. Now, what's your best case on that? It says you can do that, go outside the regular chain and get property of a third party. Well, we have several examples of cases. We cited the court to the Totaro case out of the Eighth Circuit, I believe, where we have a very similar situation to where criminal proceeds were used to pay off on a mortgage on a property. He didn't own the property. He did not. His wife owned the property. His wife held sole title to the property and the court said, look, by the use of the criminal proceeds to put into that property, the defendant acquired an interest because it's his proceeds. And so the government couldn't forfeit anything but belong to the wife, but it had to forfeit everything that was attributable to those proceeds. That's the same issue we have here. You don't have a wife, you've got... We've got a friend. A third party. And didn't the money go into the hard mortgage company and they, in turn, released the mortgage? That's true. That's how it works. But this court has described in Gornfield how tracing of criminal proceeds work. And it says that when criminal proceeds are used to purchase an item, that the proceeds are then traceable to the item purchased. And several courts have applied that same fundamental principle of tracing to interests in real estate so that when criminal proceeds are used to pay a mortgage, that those proceeds are traceable into the property itself and they're not lost forever in the cash drawer of the lender. It's the same thing if we purchased an automobile or paid off a lien on an automobile. The proceeds are traceable to the automobile. They're not lost in the cash drawer facility. I'm sorry? It's my automobile, so you can come and get it. Only to the extent of the criminal proceeds that were in there. If you were the third party, what we would essentially be asking you to do is, no, you don't get to use criminal proceeds to finance the remainder. You just take the fender. Take the fender. You just don't get to use criminal proceeds to pay off the loan that you otherwise owe. You need to go get financing from a legitimate source. You can't use those criminal proceeds. Under 853Cs, those belong to the government and they're traceable to that car. Are you contending everything that you're saying can occur in favor of the government if you explicitly disclaim any interest in proceeds, any money judgment? The only forfeitable interest was Mr. Peck's interest in the property. That was it. So in light of the way the government litigated the forfeiture proceeding, very affirmatively disclaiming what you are now seeking, how can we rule in your favor? Your Honor, what we disclaimed was we're not seeking a forfeiture money judgment, which is a different animal than seeking forfeiture of specific property. A money judgment is when there's no traceable property, but we know the defendant got proceeds, and so we seek a money judgment for that amount and then try and collect on subsistence assets. Here, we've always sought the forfeiture proceeds. By definition of seeking forfeiture of that specific piece of property, which you said Mr. Peck's interest in the property, Mr. Peck's interest in that property is defined by the use of the criminal proceeds into that property. Mr. Peck, and therefore the government, had an interest in that property because criminal proceeds were used to do it, to make that purchase. And so by disclaiming a money judgment, saying we don't need a money judgment here, we made a decision not to get that broader remedy and seeking only forfeiture of the proceeds that are traceable to that specific property. So we gave notice in the information that we sought forfeiture of that. We did it in the plea agreement. Your forfeiture order was limited to the property. That's correct, and that's not abnormal or unusual. The United States often times says, well, it's not going to be worth our time or effort to get a money judgment, but we do have this specific piece of property that is traceable to the proceeds, and therefore we'd like to do that. The word property in 853 and 982, does that always refer to the $304,000? It does, right? Correct. Okay, and at what moment did the $304,000 get transferred from Mr. Peck to Mr. Dunn? Well, two tiny questions there, Your Honor. One is the proceeds become property of the United States as soon as they come into existence, and then when Mr. Peck authorized the transfer of those proceeds to pay off the hard money loan in October of 2018, I believe, then that became traceable to that property at that time. They don't become property of the United States until they're ordered to be property of the United States. Not until the order makes that clear, Your Honor, but by operation of the statute, the statutes under 21 U.S.C. 853 C says that the concept is as soon as those proceeds come into existence, they belong to the United States. And the idea behind that was Congress was concerned that criminal defendants could move that money outwards, and so the interest of the United States vests right immediately. So that the effect of that is no one else can have a superior interest in those proceeds other than the United States. May it please the Court. My name is Jim Bradshaw. I'm speaking on behalf of Mr. Peck. What if Mr. Dunn had put the money in the bank? What if Mr. Dunn had put money in the bank or in a sock in his closet? Could the government get the money? No. Because? Because they didn't keep proceeds. Because the one and only thing that they sought in this case was the real property. Oh, OK. I should ask it a little differently. Apart from that, is the transfer to Mr. Dunn, does that somehow protect against the government ever getting the property regardless of how the government thinks? No. And the government sets lots of cases that deal with the issue of a transfer. And a criminal defendant cannot just transfer proceeds from criminal conduct and protect them from being seized. That's not this case. Why? We don't contest that. Because the law in 853 and the Relation Back Doctrine provide that the government can use that to go recover them. That the transfer, the name that's on the title to the real property or on the bank account doesn't determine it. The government can always go gather proceeds and return them if they can show that they're the property of the defendant. And- Well, but it's not the property of the defendant. As counsel said, at least the way I read it, and I understand the point that there has to be an order, all right title and interest in property described in subsection A vests in the United States upon the commission of the act giving rise to forfeiture, the crime. And so before Mr. Peck ever directed or handed or had wired the $304,000, it wasn't Mr. Peck's money. It was the government's money, that statute says. Well, I understand the court's question, but I think the way the- I'm answering questions for the government on this, but I think what their theory would be is that the Relation Back Doctrine, once there's a judgment for proceeds, the Relation Back Doctrine then relates back and vests that interest of the government at that point in time. But that's the theory on it. And very honestly- Isn't that just how you collect? That's how you collect, what the government's doing as far as forfeiture is trying to collect the money. But the statute is unequivocal, is it not, that the property, once it is obtained by the illegal method, that property vests in the United States. It vests in a legal sense once they- but the cases are clear that that's once a judgment is acquired. It does not say that. Well, but the case law does. The United States Supreme Court says that. It says that the property that indeed this- which case are you talking about? Are you talking about Huntingwell? It would take me a minute to find it. Oh, okay, never mind. Justice Scalia, actually. But Justice Scalia is the plain language guy. And you don't get any more plain language than that. Well, and I agree. And I mean, very honestly, the government vastly overstates. And I cannot stress to you strongly enough the concerns I have with due process and overreaching by the government in criminal forfeiture cases. And it's extreme. And they vastly overstate the reach of what they have. Could you just confine your argument to this case? I mean, I understand that Andrews is sort of in the works here. But why did the district court not err in this case? I don't think the district court did err. I struggle mightily to find what it is they say that the district court did wrong. I think I can't find where they find where they allege or cite to some fact that he got wrong or some rule of law that he misapplied. The government seems to, if I understand correctly, say that in response to my concern and your argument that they never sought proceeds specifically, that they never had to do that. That it doesn't matter that they only sought the interest in the House. And they're wrong. Why is that wrong? They are absolutely wrong about it. They have to seek proceeds. And a proceeds judgment is a specific thing. And it's not just that it's not just a money judgment. It is seeking proceeds from McGinty. This is what the court required. McGinty to forfeit all of his right, title, and interest to any and all proceeds of the offense that are in the possession and control of the defendant or nominees. And this goes back to a little bit as to how far that spreads. Criminal jurisdiction is limited to the property of the defendant. It doesn't go beyond that. But nominees, it does go to. So if the defendant transfers property to some person in a voidable agreement, of course the government can go get that. But that's the extent of the jurisdiction. It doesn't go beyond that. I want to respond to the court's question because I think it's important to understand why this case is so messed up. In the prosecution of Justin Peck was a deal that was reached and done and concluded before it was ever filed. It was a pre-charging arrangement. He was charged in July of 2020. And the plea was entered a month later. He was charged by information. And there was an agreement that there'd be no fine, no time. And that all of what we call is criminal proceeds. I mean, there's a lot of words that we can use. We aren't quibble about restitution. But there would be no disgorgement of profit. So from his offense. So the government agreed with the defendant that they weren't going to go after proceeds. There was an agreement that they would not do that. And that was why he agreed to plead guilty and to enter into this arrangement. Well, that creates a big problem for the government in going after forfeiture. Especially if the one and only thing that they intend to forfeit in the case is my client's property, this piece of real property that the criminal defendant did not own. Do you contest that the money used to pay off the hard money loan is traceable to the offense? It may be. I mean, I think one of the really interesting things about this case that the government just glosses over is in a proceeds case, they always do trace. They will send their agent out to go, okay, here's the money that went into this offense. It was transferred over here. It went into this bank account. This other money was commingled. This money came out of the bank account. And so it may be proceeds. But the only tracing that went on in this case is the testimony of my client at the ancillary proceeding who said, yeah, he lent me $100,000. And here's how we did it. Here's the money he gave me. That's the total extent of their tracing in this case. They didn't do any other tracing because they didn't go after proceeds. The plea agreement in this case that was entered was under 2S1.3A2, conceded. Both parties stipulated that the money, the proceeds, the money generated from Peck's operation was proceeds of lawful activity and was used for a lawful purpose. And that was all arranged with the idea that they would not go after any money from Justin Peck, the criminal defendant. They would only seek it from Mr. Dunn. And the court is absolutely right in their questions about this case is no more complicated than the one and only judgment they got in this case was a judgment relative to the property, property that clearly the criminal defendant, Mr. Peck, did not own. He had no interest in it. Was the guideline reference for guideline purposes? It was. It was. And so the parties agreed, we're not going to come up with a number that has a bunch of zeros and commas and adds up to a whole lot of offense levels, meaning that you're going to be in prison for double digits or whatever. That's what that was for. It was, but it was also part of the arrangement and agreement that they would not seek return of the proceeds in this criminal operation. Does it say that? It doesn't say that, but clearly, that's clearly part of what happened here. Let me, I'm going to venture slightly off of just this case for a minute. Although it is this case. One of the things we wanted in the court below, before this ancillary proceeding, was to get the pre-sentence report. Because as your honors know, pre-sentence report kind of tells the story of what happened, why they did what they did, what the government wanted, what did they want in its sentencing. They wouldn't give it to us. How about Mr. Peck? Mr. Peck and Mr. Dunn are cronies. Couldn't you ask him? I couldn't ask him. I couldn't ask him because the plea agreement says that he will lose his plea agreement if he makes a claim to forfeiture or helps anyone else to do so. Why did you need the PSR? Because the PSR tells the story of the case and it's relevant to the issues we're talking about here. It's what went on with this case. It's the true story of the case and would be relevant to litigating those issues. What you just said confuses me because that, what you just said about he would lose his deal if he interfered with the government's forfeiture. Helped anyone to make a claim to forfeiture. It sounds like forfeiture is on the table. So I don't understand the 2S reference anymore. Sorry, I'm confused by the question. All right. Well, you were at the point of your guideline 2S was that the government had agreed that it wasn't going to seek any sort of a forfeiture. I think the point of it is the government was saying that these were lawful funds used for a lawful purpose. And therefore, there wouldn't be a forfeiture. It's what I thought you said. Well, yeah, I don't think it doesn't. I think there wouldn't be a forfeiture other than this piece of property. And now you just told me that he would be in trouble if he interfered with the forfeiture, which makes it sound like the government was contemplating forfeiture the whole time. It's a standard agreement in every plea document. Every plea document that comes before this court has that standard language that says, I agree to forfeit and I agree that I will not oppose the government and I won't help anyone else to do so. It's actually troubling language. It's almost in the realm of witness tampering. It's not you will tell the truth. It's that you will not help anyone else to do so. So the witnesses that were available were very limited. But we did the hearing. At the end of the hearing, the judge took on our advisement after some time, wrote an opinion that was absolutely, I think, I mean, it was meticulous in analyzing. It was consistent with the statute. It was consistent with the law. And I think spot on as to the result. And I struggle, I still struggle to figure out what it is the government says that Judge Nielsen got wrong. So if we're writing this in your favor, let's say, what is the case that we're citing or the statute that we're citing that says, that rebuts the government's point that in order to get what they want now from your client, they would have had to seek proceeds specifically from Mr. Peck. In other words, maybe I'm asking this inartfully, what is the authority that says that because they did not seek proceeds and only sought the West Jordan law, that now they cannot seek those that sliver for the hard money loan from your client? What is the authority that says that the process by which they pursued this litigation? Let me be clear. I think they could have gone after proceeds if they had said, this is what we want. We want proceeds. And we're going to go after proceeds. And we're going after the criminal defendant's proceeds. And a part of those proceeds is the money that he gave to his friend, Mr. Dunn, who then went into the property. It's an interesting kind of exercise to run through that. Because what that would be is substitute assets. The property that went to the mortgage company that then paid off is a substitute asset that two things would follow from that. One is it can only be recovered from the criminal defendant, which they clearly had no interest in doing. And two, the relation back doctrine. I don't know why we're talking about substitute property for the reason you just said. That's only for the defendant. Nobody's claiming that they're after defendant's substitute property. It would not have been, the government could not get that property from my client, Mr. Dunn, because it's a substitute asset. It has, because it's been transferred or deposited with a third party, it's a substitute asset. They're not trying to get it from him, are they? I understand. I'm making the point that if they had done it right and gone after proceeds, they wouldn't have been able to recover it. Well, maybe here's the hill I need to get over, as far as your argument. When we talk about seeking proceeds, aren't they seeking proceeds when they go after the house or lot? I guess it was undeveloped. The lot. The lot? That's what they're doing, is they're going after the proceeds. And they're not going to ask for all $600,000 for the lot or whatever. Ask them for $304,000, the proceeds. I think that's true. I think that's what they're doing, but they're not, they have, in order to go after proceeds, they have to indicate that in the information. What supports that? That's what I'm looking for. What supports that in order to go after proceeds, they need to proceed a certain way? Your friend says that they do not need to do that. The government does not need to do that. So what is the authority that says that the process here is dispositive? And I can't, I mean, I think we've cited some cases in our brief. I can't come up with them right at the moment. But I think the essence of that is that the government doesn't have a right to gather property, to seize property in the abstract. Congress can give them the rules by which to do that. But the one and only way that the government or a citizen or anyone can take another citizen's property is if there's a judgment. It's the judicial branch that has to offer it. Another citizen's property? Yes. The property, the $304,000 proceeds is the government's property. It's not until they get a judgment. Statute says it best, so I'll look at that. And that's in our brief. But the notion that, hey, they're not going after proceeds, they're going after a lot. I don't understand that because the proceeds are in the lot. Why? They're not going after the lot because they're not proceeds there. They need judicial authorization to do that. They need to go through the process. They need to put it in the information, get a judgment from the court, and then execute on that judgment. And absent that step, they have no authority to do that. Is it fair to say that the money used to pay off the hard money loan is a different kind of specific property than the lot? It's different, right? It's that the proceeds is not the same thing as the lot. They're not. And that's why if they- The forfeiture judgment was limited to the lot. Absolutely. That's true. I see my time. Thank you very much. Thank you. I've got about 30 seconds. Quickly. You got about 30 seconds plus 44. Okay. First, by definition, by seeking forfeiture of that West Jordan property, we were seeking proceeds. The information gave notice of our intent to seek forfeiture of the West Jordan property. We made that part of the plea agreement that Mr. Peck would agree to the forfeiture of the West Jordan property. Did he use the word proceeds? We used the statutory language, which is the defendant agrees to forfeit all property, real or personal, involved in his crime or any property traceable to such property. So that's the interest that we gave. We've always sought proceeds in this case. That wasn't in the forfeiture order, right? The forfeiture order was including but limited to, not limited to, to the property, the West Jordan, right? We got a preliminary order of forfeiture that sought the- Limited to. Limited to that West Jordan property, that that is proceeds. That by definition is proceeds. And in answer to Judge Rossman's question, they didn't cite any authority for the proposition that we have to get a proceeds money judgment or use that magic word to get forfeiture of this property. We follow the statute and Rule 32.2 exactly as we were supposed to in this, and we'd ask the court to reverse. Thank you. All right. Thank you, counsel, for helpful arguments in a tough, sticky case that we'll all learn something from. The case is submitted and counsel are excused.